NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FILED
FEB 25 2020
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re:

THOMAS O. GILLIS,

      Attorney at Law

Case No. 20-101-A/B

FEC-3

**MEMORANDUM**

Argued and submitted on February 25, 2020

at Fresno, California

Honorable Fredrick E. Clement and Honorable Rene Lastreto II,

Bankruptcy Judges Presiding

Appearances: Thomas O. Gillis, in propria persona; Mark Hannon in propria persona; Marta Villacorta for the U.S. Trustee; Michael H. Meyer, Chapter 13 trustee (Fresno Division); David Cusick, Chapter 13 trustee (Sacramento Division), Russell Greer, Chapter 13 trustee (Modesto Division)

This decision is about maintaining the status quo pending an orderly and considered resolution of the underlying issues.

I.  **FACTS**

Chapter 13 allows debtors to avail themselves of the protections of the bankruptcy code, e.g., stay and discharge, and to pay creditors over time. At the outset of a Chapter 13 case, the debtors propose a plan. After notice to creditors, the plan is confirmed if it complies with the bankruptcy code. Ordinarily, Chapter 13 plans provide for monthly payments to the trustee for a period of three to five years. In turn, the trustee distributes those payments to creditors in the amounts, and under the terms, described in the plan. After the debtors complete the payments required by their plan, any unpaid prepetition debt is forgiven.

Unlike Chapter 7 cases in which the debtor must pay counsel upfront, Chapter 13 offers debtors the opportunity to pay their bankruptcy attorney over time and without regard to whether the services were rendered before or after the Chapter 13 case is filed. Debtors hiring Chapter 13 counsel typically pay counsel a portion of the fee in advance of the filing of the case. Unpaid fees for the Chapter 13 case are paid under the terms of the confirmed plan by the trustee from the debtors' monthly payment. In most instances, Chapter 13 plans, which are designed by debtors' counsel, front-end load attorney fees so that the entire fee for the case is paid in the early months of the case. Doing so aids debtor's counsel's cashflow and hedges the risk of non-payment occasioned by plan failure.

In the Eastern District of California, Chapter 13 cases are overseen by one of three trustees: Michael H. Meyer, Fresno Division; Russell Greer, Modesto Division; and David Cusick, Sacramento

Division.

Thomas O. Gillis ("Gillis") is an attorney practicing before the Bankruptcy Court in and for the Eastern District of California. Gillis is counsel for the debtor in 481 Chapter 13 cases now pending in the Eastern District of California. His Chapter 13 cases are at differing stages of completion, e.g. recently filed, plan filed but not confirmed, plan confirmed but not completed, and plan completed but discharge not yet issued. Of the Chapter 13 cases pending in the Eastern District of California, 169 are pending in the Fresno Division. In the Chapter 13 cases in which he is counsel of record, Gillis does not maintain contemporaneous time records for the work that he and/or his staff expend in representing Chapter 13 cases. Instead, Gillis accepts a flat fee, $4,000 for non-business cases or $6,000 for a business case, as sanctioned by local rule.

Effective February 15, 2020, The State Bar of California has suspended Gillis' license to practice law for a two-year period. This suspension will preclude him from completing his work on many of the now pending Chapter 13 cases.

Chapter 13 trustee Michael Meyer has signaled his intention to prosecute serial motions to set a reasonable fee for Chapter 13 cases filed, but not completed, by Gillis. 11 U.S.C. §§ 329(b), 330(a)(4)(B). The basis of those motions is Gillis's receipt of a flat fee, which contemplates Gillis's continued representation of the debtor that he will not be able to undertake. This court has issued an order establishing a schedule for review of Gillis's now pending Chapter 13 cases in the Fresno Division. Under the terms of that

order, trustee Meyer will prosecute two exemplar fee review motions.[1] Thereafter, the court will issue a joint memorandum decision resolving those motions and setting a rubric for deciding the amount of a reasonable fee, which will be used to resolve the reasonableness of the fee in other Chapter 13 cases in which Gillis is counsel of record.[2]

The court anticipates that review of Gillis's fees in Chapter 13 cases will take an indefinite, but extended, period of time.[3]

## II. PROCEDURE

This court issued an Order to Show Cause as to why the Chapter 13 trustee should not be ordered to cease flat fee Chapter 13 attorney fees payment to Thomas O. Gillis pending resolution of his entitlement to those fees.

## III. JURISIDICTION

This court has jurisdiction. 28 U.S.C. § 1334(a)-(b); see also General Order No. 182 of the Eastern District of California. This is

---

[1] This and the related Motion for these joint hearings will be to determine a reasonable fixed fee allocation for Gillis in the Chapter 13 cases now pending in Departments A and B of the Fresno Division, as well as other cases in the District.

[2] A uniform reasonable amount of Gillis's fixed fee formula may be used by all of the judges in the District in the remainder of the Chapter 13 cases to minimize the cost and expense for Gillis in obtaining payment of his reasonable fees under the no-look, fixed fee compensation methodology elected by Gillis pursuant to Local Bankruptcy Rule 2016-1(a). Of course, in the event that there is an unusual case in which the fixed fee allocation formula is perceived to result in an unfair computation of fees, whether under or over the perceived reasonable amount, Gillis or other party in interest, could file a motion for determination in such "one-off situation."

[3] The challenges in payment of Gillis's fees are made more complex by Gillis having his own Chapter 13 case now pending. *In re Thomas O. Gillis*, No. 19-11009 (Bankr. N.M. April 29, 2019). It appears that Gillis' Chapter 13 Plan does not revest property of the estate until discharge or dismissal, rendering fees (including those from post-petition personal services, appearing to be property of that bankruptcy estate. 11 U.S.C. §§ 1306(a), 1327(b).

4

a core proceeding. 28 U.S.C. § 157(b)(A); 11 U.S.C. §§ 329(b), 330.

## IV. LAW

Professionals practicing before the bankruptcy court are entitled to "reasonable compensation for actual, necessary services" and "reimbursement for actual, necessary expenses." 11 U.S.C.§ 330(a).

In determining the reasonableness of the fee, the court should consider time spent, rates charged, necessity or beneficial nature of the service, timeliness, skill of the professional and customary compensation by comparable skilled professionals outside the bankruptcy arena. Id. at § 330(a)(3). As applied to Chapter 13, debtor's counsel is entitled to fees:

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(4)(B).

Bankruptcy courts retain the authority to review the reasonableness of the fees by professionals performing work before it. In all cases debtor's counsel must disclose fees. 11 U.S.C. § 329(a). When the fee received exceeds the reasonable value of services rendered, the court may order debtor's counsel to disgorge the excess fee:

> (b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to--
>
> (1) the estate, if the property transferred--
>
> (A) would have been property of the estate; or
>
> (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or

5

(2) the entity that made such payment.

11 U.S.C. § 329(b).

The Bankruptcy Court for the Eastern District of California has implemented § 330(a)(4)(B), in a bifurcated fashion. Debtor's counsel may "opt in," accepting a flat fee without court approval or may "opt out," which allows hourly compensation but requires court approval after noticed motion for the fees and costs requested. LBR 2016-1(a).

> (a) Fixed Fees Approved in Connection with Plan Confirmation. The Court will, as part of the chapter 13 plan confirmation process, approve fees of attorneys representing chapter 13 debtors provided they comply with the requirements to this Subpart.
>
> **1) The maximum fee that may be charged is $4,000.00 in nonbusiness cases, and $6,000.00 in business cases.**
>
> 2) The attorney for the chapter 13 debtor must file an executed copy of Form EDC 3-096, Rights and Responsibilities of Chapter 13 Debtors and Their Attorneys.
>
> 3) If the fee under this Subpart is not sufficient to fully and fairly compensate counsel for the legal services rendered in the case, the attorney may apply for additional fees. The fee permitted under this Subpart, however, is not a retainer that, once exhausted, automatically justifies a motion for additional fees. **Generally, this fee will fairly compensate the debtor's attorney for all pre-confirmation services and most post-confirmation services, such as reviewing the notice of filed claims, objecting to untimely claims, and modifying the plan to conform it to the claims filed. Only in instances where substantial and unanticipated post-confirmation work is necessary should counsel request additional compensation.** Form EDC 3-095, Application and Declaration RE: Additional Fees and Expenses in Chapter 13 Cases, may be used when seeking additional fees. The necessity for a hearing on the application shall be governed by Fed. R. Bankr. P. 2002(a)(6).

LBR 2016-1(c) (emphasis added).

The fee described by LBR 2016-1(c) provides debtor's counsel for "all pre-confirmation services" and "most post-confirmation services." Id. Services not covered by the flat fee is limited to "substantial and unanticipated post-confirmation work." Id.

6

Moreover, local rules specifically reserve the right to revisit debtor's counsel's receipt of the flat fee:

> The Court may allow compensation different from the compensation provided under this Subpart [at] any time prior to the entry of a final decree, **if such compensation proves to have been improvident in light of developments not capable of being anticipated at the time the plan is confirmed or denied confirmation.**

LBR 2016-1(c)(5) (emphasis added).

## V.　DISCUSSION

Bankruptcy courts have broad authority to determine the reasonableness of fees awarded Chapter 13 counsel. 11 U.S.C. §§ 329(b), 330; *In re Eliapo*, 468 F.3d 592, 596 (9th Cir. 2006) (§ 330(a)(4)(B)); *Hale v. U.S. Trustee*, 509 F.3d 1139, 1146 (9th Cir. 2007) (§ 329(b)). Fee awards made by the court are interim until finalized. 11 U.S.C. §§ 330, 331.

Admission to the bar at the time services were rendered is a predicate for court approval and payment of those fees. *Shapiro ex rel. Shapiro v. Paradise Valley Unified School Dist.*, 374 F.3d 857 (2004); *Z.A. v. San Bruno Park School Dist.*, 165 F.3d 1273 (9th Cir. 1999); *Golba v. Dick's Sporting Goods, Inc.*, 238 Cal.app.4th 1251 (2015). The fees for such services may be, at the election of the debtor and attorney, can be a set fee rather than computed on an hourly, loadstar computation. LBR 2016-1(c). The flat fee permitted to be elected requires that a complete range of legal services be provided through the completion of the Chapter 13 case. Due to his suspension, Gillis cannot fully perform those services.

While the timing of those payments to debtor's counsel are ordinarily dictated by the terms of the plan, Chapter 13 plan, EDC Form 3-080 §3.05, 11 U.S.C. § 1322(a)(2) (compelling payment of

7

counsel's fees in full over the life of the plan), that payment schedule must yield to the more compelling interest that debtor's counsel not be compensated for services not actually rendered or that might be rendered after the effective date of the State Bar suspension. 11 U.S.C. § 105(a) (authorizing orders to implement §§ 329(b), 330(a)).[4]

Further, the Bankruptcy Code provides in 11 U.S.C. § 329(b) that the bankruptcy judge is to review any otherwise enforceable agreement for attorneys' fees with a debtor and determine whether such amount is reasonable compensation. If not reasonable, the court may cancel the agreement to the extent it provides for compensation that is not reasonable, as well as ordering the repayment of monies paid in excess of the reasonable fees.

VI. CONCLUSION

The Order to Show Cause will be sustained, and trustee Meyer ordered to cease payments to Thomas O. Gillis for services rendered pending resolution trustee Meyer's motions to set a reasonable fee. The court will issue an order from chambers.

Dated: February 25, 2020

_____
Fredrick E. Clement
United States Bankruptcy Judge

---

[4] To the extent that any party believes that the binding nature of the plan, 11 U.S.C. § 1327(a), the court exercises its authority to revoke confirmation only as to the amount and timing of payment to debtor's counsel, i.e. EDC-3-080 §§3.05-3.06. *In re Chinichian*, 784 F.2d 1440 (1986) (authorizing revocation of a Chapter 13 plan sua sponte). In all other respects, the confirmation order remains in full force and effect.

# Instructions to Clerk of Court

Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked  X , via the U.S. mail.

| | |
|---|---|
| **Thomas Gillis**<br>1006 H St., #3<br>Modesto, CA  95354-2384 | **Thomas Gillis**<br>1006 H St., #1<br>Modesto, CA  95354-2384 |
| **Thomas Gillis**<br>4337 N. Golden State Blvd.<br>Fresno, CA  93722 | **Office of the U.S. Trustee**<br>2500 Tulare St, Ste 1401<br>Fresno, CA 93721 |
| **Office of the U.S. Trustee**<br>501 I Street, Ste #7-500<br>Sacramento, CA  95814 | **Michael Meyer**<br>7550 N Palm, #204<br>Fresno, CA  93729 |
| **Latino Law, Inc.**<br>1006 H Street<br>Modesto, CA  95354-2384 | **Mark J. Hannon**<br>1114 W Fremont St.<br>Stockton, CA  95203 |
| **Russell Greer**<br>PO Box 3051<br>Modesto, CA  95353 | **David Cusick**<br>80 Blue Ravine Rd., #150<br>Folsom, CA  95630 |
| **Greg Powell**<br>2500 Tulare St., #1401<br>Fresno, CA  93721 | **Edmund Gee**<br>501 I Street, Ste #7-500<br>Sacramento, CA  95814 |